UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT JACKSON,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>AMERICAN CIVIL LIBERTIES UNION, INC.<br>and LUCIA TIAN, in her individual and<br>professional capacities,<br><br>　　　　　　　Defendants. | Civil Action No.: 21-cv-05037(JPO) |

## CONFIDENTIALITY STIPULATION AND ORDER

**WHEREAS**, Plaintiff Robert Jackson and Defendants (together the "Parties" and each individually a "Party") are engaged in discovery in connection with the above-captioned action that may involve the production of certain documents and information and provision of certain deposition testimony that the Parties consider or may consider to be confidential, sensitive, personal, private and/or proprietary, and which should be maintained as confidential in order to protect the legitimate business and privacy interests of the persons and entities who are subject to discovery, as well as their clients and other persons; and

**WHEREAS**, the Parties desire to protect against the public or other unauthorized disclosure and the misuse of such documents, information, and testimony obtained as a result of discovery proceedings in this action.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned counsel for the Parties, on behalf of the Parties, that:

　　　1.　　This Confidentiality Stipulation and Order ("Stipulation") shall govern the production and use of all documents, deposition testimony (including all transcripts and

1

video-taped recordings of testimony), deposition exhibits, answers to interrogatories and requests for admission, and other written, recorded, or graphic discovery materials in the above-captioned action ("Discovery Material").

2. This Stipulation is binding upon the Parties, including their respective attorneys, agents, and employees.

3. Discovery Material specifically designated as Confidential Discovery Material (as defined below), including any portion of the contents thereof, shall be used by the persons receiving such materials and their counsel, subject to the provisions of this Stipulation, solely for the purpose of the prosecution or defense of the claims, defenses, crossclaims and/or counterclaims asserted and filed or amended by the Parties in the litigation, and for no other purpose.

4. The term "Confidential Discovery Material" shall mean confidential, sensitive, personal, medical, private and/or proprietary commercial, client, business, personnel, or financial Discovery Material, or other information that the disclosure of which would, in the good faith judgment of the Party designating the Discovery Material as Confidential (pursuant to Section 6, *infra*), be an invasion of a Party's privacy or be embarrassing to that Party or be detrimental to the conduct of that Party's business or the personal business of that Party's employees, officers, directors, customers, or business contacts. Confidential Discovery Material shall not include information that is or becomes publicly available other than by a breach by any of the Parties to this Stipulation.

5. The Party who produces Discovery Material (the "Producing Party") may designate by written notice any Discovery Material as Confidential Discovery Material under the terms of this Stipulation. The requirement of written notice shall be fulfilled by:

2

(a) Stamping the designated Discovery Material with the legend "Confidential" on each page of such Discovery Material; or

(b) Advising, in writing, the recipients of Discovery Material that the Discovery Material produced is Confidential within 30 days of disclosure of the Discovery Material.

6. Any Party may designate a transcript of deposition testimony given in this action by any person or entity, or any portions thereof, Confidential either by requesting on the record that the transcript or portion thereof be so designated, or by notifying the other Party/ies in writing within 30 days of receiving the deposition transcript that it is so designating the transcript or any portion thereof. All deposition transcripts shall be treated Confidential for 30 days following the receipt of the transcript to afford the Parties the opportunity to designate the transcript or portions thereof Confidential. Confidential Discovery Material and/or the contents thereof shall not be given, shown, made available, communicated or otherwise disclosed to anyone other than:

(a) The Court and its personnel;

(b) Court reporters providing services in connection with the above-captioned action;

(c) The Parties, along with their respective current officers, directors, and employees who have a need to know the Confidential Discovery Material or contents thereof;

(d) The undersigned counsel for the Parties to this action and their current employees or future employees assigned to work on this action;

(e) Experts, witnesses, or independent consultants not employed by or affiliated with any Party retained for the purposes of consulting or testifying in connection with this civil action ("Expert") who have executed the certification attached hereto at Exhibit A;

(f) The jury;

(g) Any non-Party deponent who has executed the certification attached hereto as Exhibit A;

3

(h) Any witness who counsel for a Party or Parties in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed the certification attached hereto as Exhibit A; and

(i) The Parties' insurers, if any.

A copy of any signed certification form shall be furnished to the Party who produced Confidential Discovery Material upon reasonable demand. Nothing shall prevent disclosure beyond the terms of this Stipulation if the Producing Party (or the Producing Party's counsel) consents in writing to such disclosure or if, after reasonable written notice to all Parties, the Court orders such disclosure.

7. Nothing in this Stipulation shall prevent a Producing Party from using or disclosing Confidential Discovery Material that it or he has produced in the referenced litigation for internal purposes.

8. In the event any person or entity other than those represented by the undersigned counsel should appear or become a party to this action, such person or entity shall not have access to Confidential Discovery Material until such newly appearing or newly joined person or entity has, individually or by counsel, executed a copy of this Stipulation or until the Court has ordered that such person or entity have access to such Confidential Discovery Material.  No person or entity to whom Confidential Discovery Material is disclosed shall disclose such material or the contents of such material to any person or entity to whom/which disclosure is not authorized by the terms hereof, nor shall such person or entity use such Confidential Discovery Material for any purpose other than as set forth in Section 3.

9. The Parties shall follow the Court's individual rules and practices as they concern the filing of Confidential Discovery Material with the Court.

10. Counsel for each Party shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of any Confidential Discovery Material.

11. The inadvertent or unintentional disclosure of Confidential Discovery Material, regardless of whether such Discovery Material was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of the Producing Party's claims of confidentiality as to such Discovery Material, or with respect to the contents thereof or information contained therein.

12. In the event the Parties and/or counsel to whom the Confidential Discovery Material was produced unintentionally discloses Confidential Discovery Material, counsel for the disclosing Party or Parties shall immediately notify the other Party or Parties of the unintentional disclosure and take all steps to rectify such disclosure.  In the event of any unauthorized disclosure of Confidential Discovery Material, the Producing Party shall be entitled to injunctive relief (without the requirement of any bond) from the Court for the purpose of restraining an actual or threatened breach of the provisions of this Stipulation, in addition to any other relief to which such Party may be entitled in law or in equity.

13. Nothing contained in this Stipulation shall affect the right, if any, of a Producing Party to make any other type of objection, claim or other response to discovery requests, including, without limitation, interrogatories, requests for admissions, requests for production of documents or questions at deposition.  Nor shall this Stipulation be construed as a waiver of the attorney-client privilege, work product doctrine or any other applicable privilege or immunity as to any Discovery Material.  Inadvertent production of any Discovery Material shall not constitute a waiver of any privilege or any other ground for objection to discovery with respect to such Discovery Material, or with respect to the

contents thereof or information contained therein, nor shall such inadvertent production waive any right to object to the use of any such Discovery Material during any subsequent proceeding. Upon notification that such disclosure was inadvertent, the inadvertently disclosed Discovery Material and any copies thereof shall be returned to the Producing Party immediately.

14. Upon final adjudication of this litigation, all Confidential Discovery Material and copies thereof shall be returned to the Producing Party except that Confidential Discovery Material may be destroyed rather than returned, provided that the Party in possession of such Confidential Discovery Material provides the Producing Party with a written certification, signed by a member of the bar, attesting that the Confidential Discovery Material was destroyed. Nothing in this Section 14 or any other provision of this Stipulation shall be interpreted to restrict counsel for the Parties from maintaining complete files for the above-captioned action, inclusive of all Confidential Discovery Material.

15. The provisions of this Stipulation shall, absent written permission of the Producing Party or order of the Court, continue to be binding after the conclusion of this action.

16. In the event that there is a dispute as to the designation of Discovery Material as Confidential, the Party seeking to challenge the designation may do so by seeking Court intervention. In the event of any such dispute, the Discovery Material at issue shall be treated as Confidential until such time as the Court resolves the dispute.

17. This Stipulation may be executed in a number of counterparts, all of which, when taken together, shall constitute one instrument. Signatures may be transmitted by facsimile or electronically, and facsimile and electronic signatures shall be acceptable as

originals for all purposes. In addition, transmission of signatures by electronic mail of a PDF document created from the originally signed document shall be acceptable as originals for all purposes.

Dated: October 7, 2021
      New York, New York

| **FARUQI & FARUQI, LLP** | **KAUFF MCGUIRE & MARGOLIS LLP** |
|---|---|
| By: /s/Alex J. Hartzband | By: /s/Michele A. Coyne |
|     Alex J. Hartzband |     Michele A. Coyne |
|     Taylor J. Crabill |     Kenneth A. Margolis |
| |     Tamanna Rubya |
| 685 Third Avenue, 26th Floor | 950 Third Avenue, 14th Floor |
| New York, New York 10017 | New York, New York 10022 |
| Telephone: (212) 983-9330 | Telephone: (212) 644-1010 |
| Facsimile: (212) 983-9331 | Facsimile: (212) 64401936 |
| ahartzband@faruqilaw.com | margolis@kmm.com |
| tcrabill@faruqilaw.com | coyne@kmm.com |
| | rubya@kmm.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |

**SO ORDERED.**

Dated:   October 8, 2021

_____
J. PAUL OETKEN
United States District Judge

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT JACKSON,<br><br>                    Plaintiff,<br><br>        v.<br><br>AMERICAN CIVIL LIBERTIES UNION, INC. and LUCIA TIAN, in her individual and professional capacities,<br><br>                    Defendants. | Civil Action No.: 21-cv-05037(JPO) |

## **CERTIFICATION**

The undersigned hereby acknowledges to have read the Confidentiality Stipulation and Order in the above-captioned action and understand the terms the same.  Accordingly, the undersigned hereby agrees to be bound by and comply with the terms of the Confidentiality Stipulation and Order in the above-captioned action.

Signature:     _____

Print Name:   _____

Date:             _____

4840-5787-8524.5