NEW YORK        CALIFORNIA        GEORGIA        PENNSYLVANIA

**Taylor J. Crabill**
tcrabill@faruqilaw.com

November 3, 2023

**VIA ECF**

The Honorable J. Paul Oetken
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *Jackson v. American Civil Liberties Union, Inc., et al.*, No. 21-cv-5037(JPO)

Dear Judge Oetken:

      We represent Plaintiff Robert Jackson and write jointly with Defendants to provide the Court with a status report pursuant to the Court's May 22, 2023 Order (the "Order"). *See* ECF Nos. 59, 62-63.

**I.**      **Expert Discovery**

      Following independent medical examinations and expert depositions, the parties have a few outstanding disputes concerning (i) fees related to expert depositions and (ii) discovery requests related to the deposition of Defendants' expert. The parties are working to resolve these issues without having to involve the Court. If they are unable to reach a resolution on all of the outstanding disputes, the parties will promptly bring those disputes before the Court.

**II.**      **Settlement Conference Before Magistrate Ona Wang**

      Per the Court's Order, the parties respectfully request that they be referred to a settlement conference before the Honorable Magistrate Judge Ona Wang.

**III.**      **Briefing Schedule for Defendants' Anticipated Motion for Summary Judgment**

      A.      Plaintiff's Position

      Plaintiff proposes the following briefing schedule for Defendants' anticipated motion for summary judgment:

- Moving papers – Due 45 days after unsuccessful settlement conference;
- Opposition papers – Due 45 days after moving papers filed; and
- Reply papers – Due 10 days after opposition papers filed.

      The parties only dispute is related to the due date for Defendants' reply papers. Defendants initially proposed (i) 30 days to file moving papers, (ii) 30 days to file opposition papers, and (iii)



21 days to file reply papers. Even though 21 days is an excessive amount of time to file a 10-page reply memorandum of law and Defendants did not provide any justification for same, Plaintiff's counsel agreed to Defendants' proposed schedule if Defendants consented to Plaintiff having 45 days to file his opposition papers. Defendants' counsel consented but requested 45 days to file moving papers. To avoid having the briefing schedule unfairly favor either party, Plaintiff's counsel offered the above-referenced proposed schedule. Plaintiff's counsel also asked what the basis for Defendants' anticipated motion was to understand which of Plaintiff's claims or elements of his claims would be at issue and why Defendants need three weeks to file their reply. Providing this information should not be controversial since Defendants would have to provide same in connection with a pre-motion conference letter. Defendants' counsel ignored Plaintiff's counsel's request and responded that Defendants would not agree to 10 days to file a reply.

For the forgoing reasons, Plaintiff's proposed briefing schedule should be adopted. Indeed, if any of the parties feel that they need additional time to submit motion papers, then they can seek relief from the Court at the appropriate time and in accordance with the Court's Rules.

B. <u>Defendants' Position</u>

Defendants propose the following briefing schedule for their motion for summary judgment:

- Defendants' Motion for Summary Judgment due <u>45 days</u> from the date the Court's scheduled settlement conference is unsuccessful;
- Plaintiff's Opposition papers due <u>45 days</u> thereafter;
- Defendants' Reply papers due <u>21 days</u> after Plaintiff's Opposition deadline

Defendants had initially proposed 30 days for the parties to file their opening and opposition briefs and 21 days for Defendants to submit their Reply. Concerning this proposal, Plaintiff responded, "The only change we have to the proposed schedule is that Plaintiff have 45 days to file his opposition papers." Defendants agreed and replied, "That's fine. We would also want 45 days for our brief in that case." However, Plaintiff's counsel then changed course, stating, "If that's the case," Defendants should only receive 10 days to file their Reply, claiming that "[t]hree weeks to file a 10-page reply is excess [sic]." In short, Plaintiff's counsel initially agreed to 21 days for Defendants' Reply but changed his mind without explanation when Defendants agreed to his request for 45 days and asked that both parties have the same amount of time for their initial briefs. Plaintiff's counsel now purports to impose his own requirement that Defendants provide him with an outline of their arguments before the parties can complete the ordinary task of agreeing on a briefing schedule. Your Honor's May 22, 2023 Order of course contains no such requirement.



The Honorable J. Paul Oetken
November 3, 2023
Page 3

We thank the Court for its time and attention to this matter.

Respectfully submitted,

Taylor J. Crabill

Cc:     Counsel of Record (*via* ECF)

685 Third Avenue  New York, NY 10017  Phone: 212.983.9330  Fax: 212.983.9331  EmployeeRightsCounsel.com  FaruqiLaw.com